### GRIMALDI v. ASSOCIAZIONE FRATERNA ITALIANA.

(Supreme Court, Appellate Term. April 16, 1900.)

BENEFICIAL ASSOCIATIONS—APPLICATION FOR MEMBERSHIP—FALSE REPRESENTATIONS.

A beneficial association cannot resist the payment of sick benefits on the ground that the claimant obtained admission to the society by false representations as to his previous physical condition, where subsequent to notice of such previous physical ailments, and with the knowledge of the falsity of the representations in his application, the society received dues from claimant, and treated him as a member, since they will be deemed to have waived such ground of defense.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Grimaldi against the Associazione Fraterna Italiana. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

John Palmieri, for appellant.
Achille J. Oishei, for respondent.

O'GORMAN, J. Plaintiff's claim for sick benefits is resisted on the ground that he obtained admission to the society by false representations. While the evidence offered upon the trial amply supported this defense, the plaintiff was, nevertheless, entitled to recover, inasmuch as there was a waiver on the part of the defendant by its acceptance of dues from the plaintiff with full knowledge of the falsity of the representations now complained of. Plaintiff became a member of the defendant association in January, 1898. In June, 1899, he was taken ill, and then informed the president of the defendant, as well as defendant's physician, that prior to his admission into the society he had been subject to attacks of epilepsy. This is the principal

evidence now relied upon by the defendant. It appears, however, without contradiction, that, notwithstanding this disclosure as to his previous physical condition, the defendant paid the plaintiff sick benefits for his illness in June, 1899, permitted him to remain in the association thereafter, and continued to receive dues from him down to the time of his illness in question, which occurred in August, 1899. This conduct on the part of the defendant, with full knowledge of the falsity of the statements in plaintiff's application for admission into the society, precludes the defendant from now availing itself of the defense interposed in this action. McCormick v. Association (Sup.) 56 N. Y. Supp. 905.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.